UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

    Plaintiff,

v.

Johnathan Eric Thompson,

    Defendant.

File No. 24-cr-147(1) (ECT/LIB)

**OPINION AND ORDER**

---

Katharine T. Buzicky, United States Attorney's Office, St. Paul, MN, for Plaintiff United States of America.

Johnathan Eric Thompson, *pro se.*

---

Defendant Johnathan Eric Thompson has filed a motion challenging his sentence under 28 U.S.C. § 2255. It will be denied because it is procedurally barred. Additionally, his claims are not cognizable under the statute.

On May 30, 2024, Mr. Thompson was indicted on one count of conspiracy to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. ECF No. 1 at 1–2. On September 5, 2024, he pleaded guilty to that offense. ECF Nos. 49–50. By signing the plea agreement, Mr. Thompson waived his right to appeal non-jurisdictional issues and to collaterally attack his sentence, other than a § 2255 claim based on ineffective assistance of counsel. ECF No. 50 ¶ 16. Mr. Thompson was sentenced on February 19, 2025. ECF No. 89. His total offense level was determined to be 37, and his criminal history category was VI, so his Sentencing Guidelines range was 360 months

to life.  ECF No. 91 at 1; *see* U.S.S.G. Ch. 5, pt. A (sentencing table).  He was sentenced to 210 months' imprisonment.  ECF No. 90 at 1.  Mr. Thompson did not appeal.  *See* Dkt.

On February 25, 2026, Mr. Thompson filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  ECF No. 112.  Mr. Thompson argues that the Guidelines were calculated incorrectly in two ways.  First, his offense level was increased by two levels under the U.S.S.G. § 3B1.1(c), which applies when "the defendant was an organizer, leader, manager, or supervisor" in the offense.  Mr. Thompson believes no evidence shows he played this aggravated role.  ECF No. 112 at 4.  He raised this objection before sentencing.  ECF No. 69 at 2.  The Amended Presentence Report did not incorporate this objection, ECF No. 72 at 26–27, and that objection was overruled at the sentencing hearing, ECF No. 91 at 1 (noting that the Amended Presentence Report was adopted without change).  Second, Mr. Thompson's offense level was increased by two levels for possession of a dangerous weapon.  U.S.S.G. § 2D1.1(b)(1).  He argues that the enhancement should not have applied, because the firearm was recovered "in a gun case with empty clip inside on one shelf" of the closet, while the narcotics were "on another shelf."  ECF No. 112 at 5.  He believes that he could not have possessed the firearm because he was not near the gun when he was arrested, and that the firearm could not be considered dangerous because it was safely stored and empty of ammunition.  *Id.*  Mr. Thompson did not make this objection at sentencing.

Mr. Thompson's motion will be denied because it is twice procedurally barred.  In his plea agreement, Mr. Thompson waived his right to bring a § 2255 motion on any grounds other than ineffective assistance of counsel or "a collateral challenge under 28

U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect." ECF No. 50 ¶ 16.

Here, Mr. Thompson makes no argument that his counsel's performance was ineffective or that new legal principles apply to his case. *See* ECF No. 112 at 4–5. Instead, he argues that his Guidelines calculation was incorrect. *Id.* He has waived that argument. *See Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011); *United States v. Andis*, 333 F.3d 886, 890–92 (8th Cir. 2003) (en banc) (upholding waivers of appellate rights when defendants make them knowingly and voluntarily, and there is no miscarriage of justice). Because Mr. Thompson presents no reason to think his plea was unknowing or involuntary, or that the "extremely narrow" miscarriage of justice exception applies, *Andis*, 333 F.3d at 892, his waiver will be enforced.

Additionally, Mr. Thompson's claim is barred because he failed to raise these issues on appeal (and for the possession-of-a-dangerous-weapon objection, because he also did not make it during sentencing). "Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam) (citation omitted).

Even if the motion overcame these procedural barriers, it would be denied on the merits. Federal prisoners may collaterally attack their convictions or sentences under § 2255

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426–27 (1962).  A challenge to Sentencing Guidelines calculations is ordinarily not grounds to bring a § 2255 motion, subject to three exceptions.  *United States v. Perales*, 212 F.3d 1110, 1111 (8th Cir. 2000); *see Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995).  Those exceptions are (1) an ineffective-assistance claim premised on the attorney's failure to argue for credit for time served under U.S.S.G. § 5G1.3; (2) a claim that the sentence exceeded the statutory maximum; and (3) a claim that the sentence amounted to a "miscarriage of justice." *Perales*, 212 F.3d at 1111.  None applies here.  Mr. Thompson's arguments are not about credit for time served, and his sentence did not exceed the statutory maximum, which is life in prison.  21 U.S.C. § 841(b)(1)(A).  Mr. Thompson has not shown a miscarriage of justice.  His 210-month sentence was below the low end of the Guidelines range he believes should have been applied.  *See* U.S.S.G. Ch. 5, pt. A.  For an offense level of 33 and a criminal history category of VI, the Guidelines recommend a sentence of 235 to 293 months.  *Id.*  The Eighth Circuit has found no miscarriage of justice where the sentence fell within the statutory maximum and within the Guidelines range that resulted when the challenged enhancement was not applied.  *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc).  Under that precedent, Mr. Thompson has not shown a miscarriage of justice that would make his Guidelines challenge cognizable on a § 2255 motion.  *See Auman*, 67 F.3d at 161.

Finally, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), so Mr. Thompson is not entitled to an evidentiary hearing. *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010). Mr. Thompson has not made "a substantial showing . . . that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Therefore, no certificate of appealability shall issue. *See id.*

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Johnathan Eric Thompson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 112] is **DENIED**.

2. No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 8, 2026                                    s/ Eric C. Tostrud
                                                        Eric C. Tostrud
                                                        United States District Court

5